**EX. A**

David Fink
7519 Apache Plume
Houston, TX 77071
Phone: (713) 591-4448
Email: texascowboy6@gmail.com

*Attorney for Stock Your Home*
*Accused Infringer*

# AMAZON UTILITY PATENT NEUTRAL EVALUATION PROCESS

Evaluation No.           10238000271

Neutral Evaluator:       Klaus H. Hamm

Asserted Patent:         U.S. Patent No. 10,694,779

Accused ASINs:           BO87NCXT7S
                         BO7SJ94R68

# **STOCK YOUR HOME'S ARGUMENTS IN DEFENSE**

## TABLE OF CONTENTS

I.   Introduction ……………………………………. 1

II.  The Relevant Law ………………………………… 3

III. Application of the Law ………………………….. 4

IV.  Conclusion ………………………………………. 8

## I. INTRODUCTION

The patent owner, Lifted Limited, LLC ("Lifted"), submitted its detailed arguments asserting that Stock Your Home's product sold on Amazon, Sky High Dream, is infringing utility patent, U.S. Patent No. 10,694,779 (" '779 Patent").

The subject of the '779 Patent is a smoker's tool. Lifted's brief at p. 1, refers to "The **patented design** (emphasis added) of Asserted Claim 1 …"; however, this incorrected refers to the '779 Patent as being a design patent. The '779 Patent is a utility patent.

Lifted's brief failed to address the initial issue for any patent infringement argument. The patent must have at least one valid patent claims being infringed. Generally, the law presumes that issued patents in the country are valid during the time the patent is unexpired. But, this "assumption" is rebuttable because it is only an assumption.

It will be shown herein that each and every patent claim in the '779 Patent is invalid and unenforceable so that there cannot be any patent infringement of the '779 Patent.

## II. The RELEVANT LAW

35 U.S.C. § 112 ¶ 2 has two parts. The second part, § 112(2), has been rewritten and renumbered as § 112 ¶(b). The second part requires that the patentee sets forth "what the applicant regards as his invention". *Allen Eng'g Corp. v. Bartell Indus., Inc.* 299 F. 3d 1336, 1349 (Fed. Cir. 2002).

The Federal Circuit has reinforced its view that claims are invalid if the claims failed to claim "what the applicant regards as his invention". *Juxtacomm-Texas Software v. Tibo Software, et al.* 532 F. App'x 911 (Fed. Cir. 2013).

Lift at p. 2 of its brief asserts that:

> The asserted claim uses well-understood
> terminology. In such circumstances, claim

> construction is unnecessary. It is sufficient to
> understand that, in context, the claims have their
> common meaning such that, for example, the claim
> term "lighter" refers to a cigarette lighter, such as a
> Bic lighter.

It is noted that Lift has not supported this fundamental opinion with an expert opinion or any source. Nevertheless, Stock Your Home accepts Lifted's assertion with the added comment that the Federal Circuit adds that "The language of the claims controls their construction," See *Juxtacomm-Texas*, p. 3.

### III.    APPLICATION OF THE LAW

The '779 Patent has 20 patent claims. Lifted has decided to assert only claim 1. In contrast, all of the claims of the '779 Patent will be addressed here.

Claims 1 and 11 are the only independent claims and all of the other claims are dependent claims adding limitations. Claim 1 is directed to a pipe tool and claim 11 is a method of using a pipe tool. Basically, claim 11 restates the same physical limitations in pipe tool in claim 1 and does not add any mechanical limitations. Claim 1 is exemplary of all of the claims 1-20 as implied by Lifted.

There are 11 figures and everyone of the figures shows exactly the same embodiment from different points of view. That is, there is only a single embodiment shown and described in the '779 Patent. Fig. 1 shows the poker 8 connected to the pipe tool 1and rotatably connected to rotate around pivot point 7. See the "779 Patent, Col. 2, Lines 16-22. This relationship between the poker 8 and the pipe tool 1 is shown in every figure showing the poker 8 and it is disclosed specifically in the specification of the '779 Patent.

The specification discloses the convenience of having the poker 8 stored in the slot in the pipe tool and easily accessed for use.

4

Even Lifted stresses the rotatable connection between the poker 8 and the pipe tool 1 at p. 1 of its brief, second paragraph: "and a poker that can **swing out** of the sleeve as shown below". Emphasis added.

In view of the figures and the specification of the '779 Patent, the inventors made it clear that they regarded their invention as having the feature of a poker 8 rotatably attached to the pipe tool 1.

Now, the patent claims must be considered to see of the patent claims reflect what the inventors regarded as their invention.

Claim 1 is as follow:

> 1. A smoker's pipe tool, comprising:
>
>    a sheath, including an interior surface and an exterior surface, extending along a longitudinal axis, wherein: the sheath includes a central recess extending along the longitudinal axis, the central recess is defined by the interior surface of the sheath and is sized to hold a lighter, the sheath includes a pipe bowl tamper sized to be insertable into a pipe bowl, and the sheath defines a slot extending along a length of the sheath;
>
>    an elongated poker having first and second end portions, wherein the elongated poker is moved from a closed position to an open position, wherein: when the elongated poker is in the closed position, at least a portion of the elongated poker is disposed in the slot; and when the elongated poker is in the open

position, the first end portion is insertable into a pipe bowl, and the second end portion is spaced from the pipe bowl when the first end portion is inserted into the pipe bowl.

Note that claim 1 fails to state the limitation that the poker is rotatably secured (or attached) to the pipe tool. **This implies only two possible reasonable meanings to claim 1:**

a. The scope of the claimed subject matter has been expanded to having the poker either attached to the pipe tool, or detached from the pipe tool. These two embodiments are not supported by the specification and drawings so this would make claim 1 invalid because it claims subject matter not disclosed in the specification or shown in the drawings.
b. Alternatively, the poker is not attached to the pipe tool and claim 1 fails to be directed to the invention as disclosed.

The relevant law is 35 U.S.C. §112 ¶ b. The Federal Circuit quoted the explanation provided by the district court:

> Section 112 ¶ 2 [now identified as "b" instead of "2"] contains two requirements: "first, [the claim] must set forth what the applicant regards as his invention and second, it must do so with sufficiency particularity and distinctness, *i.e.,* the claim must be sufficiently definite. *Allen Eng'g Corp*…A claim is invalid under the first prong of 35 U.S.C. § 112 ¶ 2, when one of skill in the relevant art, reading the specification would not understand the invention set forth in a claim is what the patentee

regarded as his invention. *Juxtacomm-Texas Software*

If the inventors for the '779 Patent want to argue that they should not be "punished" for the poor work done by their patent attorney, the Courts have addressed this argument:

> Inventors are masters of their claims, and the words they use to describe and claim their invention are decisive and binding. *Bio-Rad Labs., Inc. v. Int'l Comm'n,* 998 F. 3d 1320, 1331 (Fed. Cir. 2021)
>
> It would thus be unwise to overrule decades of precedent in an attempt to enforce poorly-drafted patents. *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 797 F. 3d 1020, 1028 (Fed. Cir. 2015)

Even though Lifted only addressed claim 1, all of the other claims will be considered for completeness.

Claim 2 adds the recess.

Claim 3 orients the top surface.

Claim 4 defines the opening for the lighter.

Claim 5 addresses the slot.

Claim 6 addresses the slot.

Claim 7 addresses the slot.

Claim 8 addresses the recess.

Claim 9 addresses the poker in a closed state.

Claim 10 addresses the poker and its slot.

Claim 11 addresses the same structure as claim 1.

Claims 12-20 correspond to claims 2-10.

## **CONCLUSION**

The '779 Patent has been shown to be invalid because all of the claims 1-20 are defective under 35 U.S.C. §112 ¶ a.

Therefore, none of the claims in the '779 Patent is infringed and Amazon should ignore the complaint from Lifted.