# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOCK YOUR HOME LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LIFTED LIMITED, LLC,<br><br>    Defendant | Case No.: 1:22-cv-05829-MKB-JRC<br><br>**ANSWER** |

Defendant Lifted Limited, LLC, ("Lifted" or "Defendant") files this Answer to the Complaint for Declaratory Judgment of Invalidity and Noninfringement and demands a jury trial on all issues. In support of its Answer, Lifted States as follows:

## NATURE OF THE ACTION

1. The allegations of Paragraph 1 are a description of the nature of the matter and does not require response. To the extent a response is necessary, Lifted admits that this is an action for declaratory judgment of invalidity and noninfringement but otherwise denies that US Patent Number 10,694,779 is invalid and denies that there is a valid basis for claiming that the counterfeit item sold by Plaintiff is a non-infringing lighter sleeve. Lifted reserves the right to file counterclaims for literal infringement of the '779 patent, among others owned by Lifted.

2. Lifted denies paragraph 2.

3. Lifted denies paragraph 3.

4. Lifted denies paragraph 4. Lifted admits that it notified Amazon it had learned that Plaintiff was selling counterfeit lighter sleeves on Amazon under ASIN BO7SJ94R68 and BO87NCXT7S that looked identical to Lifted's signature product, which is protected from copy by the '779 patent. Lifted denies that Vonda J. Westlake is an attorney. Lifted denies that it is

represented by "Alex P. Bradford." Lifted admits that Alex W. Ruge, attorney with Sheridan Ross P.C., located at 1560 Broadway, Denver, Colorado 80202, provided notice to Amazon using the intellectual property reporting procedures published by Amazon.

5. Lifted denies paragraph 5.

6. Lifted denies paragraph 6. The '779 patent was issued by the United States Patent & Trademark Office and is presumed valid absent a showing, by clear and convincing evidence, that the patent should be rendered invalid. No court or tribunal has declared the '779 patent invalid and no action has been taken against the '779 patent to render it invalid. The arguments advanced by Plaintiff for invalidity have been expressly rejected by the Court of Appeals for the Federal Circuit and are not considered viable under the laws of the United States.

7. Lifted denies paragraph 7. The "legal analysis" provided on August 15, 2022, did not articulate a recognized invalidity defense to patent infringement.

8. Lifted denies paragraph 8.

9. Lifted denies paragraph 9.

10. Lifted denies paragraph 10.

11. Lifted denies paragraph 11.

12. Lifted denies paragraph 12.

13. Lifted denies paragraph 13.

14. Lifted denies paragraph 14.

## THE PARTIES

15. Lifted is without sufficient information to either admit or deny the allegations of paragraph 15 and therefore deny the same.

16. Lifted admits paragraph 16.

## JURISDICTION AND VENUE

17. Lifted admits paragraph 17.

18. Lifted denies paragraph 18.

19. Lifted denies paragraph 19. Lifted has yet to threaten suit against Plaintiff.

20. Lifted denies paragraph 20.

21. Lifted denies that it had any expectation of being sued in New York. Lifted denies paragraph 21.

## THE PATENT-IN-SUIT

22. Lifted admits paragraph 22.

## COUNT ONE

### (Declaratory Judgment of Invalidity and Noninfringement of the '779 Patent)

23. Lifted incorporates by reference its responses to the allegations of Paragraph 23.

24. Lifted denies paragraph 24.

25. Lifted denies paragraph 25

26. Lifted denies paragraph 26.

## PRAYER FOR RELIEF

27. Lifted denies the Wherefore Clause and each of its subparts.

## AFFIRMATIVE DEFENSES

Defendant Lifted asserts the following affirmative defenses to the Complaint:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The '779 patent is presumed valid, a presumption that remains until such time as clear and convincing evidence of invalidity has been recognized by a court of competent jurisdiction.

> Plaintiff has failed to articulate any evidence of invalidity or articulate a legal argument that would support a finding of invalidity.

WHEREFORE, Plaintiff has in the past, and will in the future, infringe the '779 patent through the sale of a counterfeit product that copies the Toker Poker lighter sleeve which served as the preferred embodiment of the '779 patent. Plaintiff did not articulate a non-infringement argument during the Amazon proceedings, leading to its delisting. Lifted reserves the right to bring claims of patent infringement for past and future damages, but has not yet filed such claims. Lifted prays for a judgment against Plaintiff on its Declaratory Judgment Action and in favor of Lifted. In particular, Lifted prays for dismissal of the action and Plaintiff's unfounded and frivolous claims for patent invalidity. Lifted prays for an award of attorney fees following a declaration that this is an "Exceptional Case." Lifted prays for any other award or sanction as this court deems fit after a jury trial on the merits of the claims of invalidity and non-infringement.

**LIFTED PRAYS FOR A JURY TRIAL ON ALL ISSUES REFERRABLE TO A JURY.**

Respectfully submitted,

Dated: December 12, 2022

By: */s/ Vincent Miletti*
Vincent Miletti
**LAW OFFICE OF VINCENT MILETTI**
2139 East 3rd Street
Brooklyn, New York 11223
Telephone: (347) 234-0034
E-mail: vmiletti1983@gmail.com

Aaron P. Bradford (*pro hac vice* forthcoming)
**SHERIDAN ROSS P.C.**
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone: 303-863-9700
E-mail: abradford@sheridanross.com

*Counsel for Defendant Lifted Limited, LLC*

## **CERTIFICATE OF SERVICE**

      The Undersigned hereby certifies that on December 12, 2022, a true and correct copy of the foregoing document was served electronically upon counsel of record via the Court's CM/ECF electronic filing system.

                                                  *s/ Vincent Miletti*
                                                  Vincent Miletti